UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HELEN WAGNER,

                                Plaintiff,

     -against-

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,

                              Defendant.
-----------------------------------------------------------------------X

<u>For Online Publication Only</u>

FILED
CLERK

1:54 pm, Mar 14, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-CV-1319 (JMA)

**AZRACK, United States District Judge:**

      Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by counsel on behalf of Helen Wagner ("Plaintiff") filed together with her complaint seeking review of the decision of the Commissioner of Social Security pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3) (*See* ECF Nos. 1-2.)   For the reasons that follow, the application to proceed *in forma pauperis* is denied and Plaintiff is ordered to remit the $402.00 filing fee within fourteen (14) days in order for this case to proceed.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).   The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at

\*1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application makes clear that she can remit the $402 filing fee and still provide herself with the necessities of life. *See* Docket Entry No. 2. Plaintiff reports that she is unemployed and has not received any income in the past 12 months. *Id*. ¶¶ 2-3. However, Plaintiff reports that her husband "pays all the bills." *Id.* ¶ 3. In addition, Plaintiff reports having $3,225.75 in cash or in an account and no dependents. *Id.* ¶¶ 4, 7. In the space that asks for any items owned of value, Plaintiff reports owning two cars. *Id*. ¶ 5. As for expenses, Plaintiff reports that her regular monthly expenses total $5,340 for items including a mortgage payment, gas, utilities, insurance and groceries. *Id.* ¶ 6. Plaintiff also reports $545.00 in credit card debt.

Given that Plaintiff has over three thousand dollars in cash or in an account, together with the fact that her husband "pays all the bills", she is able to pay the $402 filing fee. *See Wrenn v. Benson*, 490 U.S. 89, 90 n.4 (1989) (*per curiam*) (denying leave to proceed *in forma pauperis* based on review of information contained in the supporting affidavit of indigency); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'").

Accordingly, the application to proceed *in forma pauperis* is denied. *Id.* ("If it appears that an applicant's access to [ ] court has not been blocked by his [or her] financial condition; rather [that] he [or she] is merely in the position of having to weigh the financial constraints posed if he [or she] pursues [her position] against the merits of his [or her] case, then a court properly exercises

its discretion to deny the application.") (internal quotation marks and citation omitted).  Plaintiff is directed to remit the $402.00 filing fee within fourteen (14) days of the date of this Order.  If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

Dated: March 14, 2023
Central Islip, New York

/s/ Joan M. Azrack
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE